# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Michele Ferra<br>1415 Missouri Ave.<br>South Milwaukee, WI 53172<br><br>　　　　Plaintiff,<br><br>v.<br><br>Viking Collection Service, Inc.<br>7500 Office Ridge Circle, Suite 100<br>Eden Prairie, MN 55344<br><br>　　　　Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff is a "customer" as defined by Wis. Stat. § 421.301(17).

7. Plaintiff entered into a "consumer credit transaction" as defined by Wis. Stat. § 421.301(10).

8. As described below, Defendant attempted to collect from Plaintiff an alleged debt arising out of the "consumer credit transaction" referenced above.

1

9. Defendant is a "debt collector" as defined by Wis. Stat. § 427.103(3).

10. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

11. In or around December 2008, Defendant telephoned Plaintiff at Plaintiff's place of employment.

12. During this communication, Plaintiff notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and/or that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

13. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment on numerous occasions between December 2008 and February 2009.

14. During at least one of these communications, Plaintiff again notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and/or that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

15. On or around February 25, 2009, Defendant telephoned Plaintiff at Plaintiff's place of employment an excessive number of times.

16. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692d in that it repeatedly or continuously telephoned Plaintiff and/or another person with the intent to annoy, abuse, and/or harass that person.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

27. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment against Defendant for actual damages and the statutory penalty pursuant to Wis. Stat. § 427.105(1).

c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: 
Timothy J. Sostrin
233 S. Wacker Dr., Suite 5150
Chicago, IL 60606
Telephone: 866-339-1156
Fax: 312-822-1064
Email: tjs@legalhelpers.com
Attorneys for Plaintiff